IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAUL GONZALES, (TDCJ No. 02311359), | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-CV-145-P |
| TEXAS DEPARTMENT OF PUBLIC SAFETY, Et Al. | § § § § | |
| Defendants. | § | |

### OPINION and ORDER OF DISMISSAL
### UNDER 28 U.S.C. §§ 1915A & 1915(e)(2)(B)

The case is before the Court for review of pro-se-inmate/plaintiff Raul Gonzales's amended complaint under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). After conducting that review, the Court finds that all claims asserted by plaintiff Gonzales must be dismissed under authority of these provisions.

### BACKGROUND

Gonzales initiated this case with the filing of a handwritten complaint. Complaint, ECF No. 1. In response to a Court order, Gonzales then completed and filed a form civil-rights complaint as an amended complaint. Am. Complaint, ECF No. 10. In the amended complaint, Gonzales named three defendants: the Texas Department of Public Safety; Sharen Wilson, district attorney, Tarrant County, Texas; and Ken Paxton, attorney general, State of Texas. Am. Complaint 1, 3, ECF No. 10. Gonzales recites against all three defendants the claim of "[e]nforcing Chapter 62, Tex. Code Crim. Proc by threat of [prosecution] and conviction."

Am. Complaint 3, ECF No. 10. Gonzales recites that Chapter 62 is the Texas Sex Offender Registration Program ["the Act"] and contends that he learned that it "violates both the Texas Constitution and the United States Constitutions [sic] Ex Post Facto provisions." Am. Complaint 4, ECF No. 10. Gonzales also contends that he is illegally restrained as a result by District Attorney Wilson, that the Texas Department of Public Safety is enforcing the Act against his will, and that Attorney General Paxton has been put on notice that "there is no record of the votes in the Journals to create the Act." *Id*. at 4. For relief in this proceeding, Gonzales seeks a declaration that the Act as applied to him is unconstitutional, and that as a result "he should be released from illegal restraint and de-registered." *Id.*

## LEGAL STANDARD OF REVIEW UNDER §§ 1915A and 1915(e)(2)(B)

Plaintiff Gonzales is an inmate who has been permitted to proceed in forma pauperis. As a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires a district court to review a complaint from a prisoner seeking relief from a governmental entity, officer, or employee as soon as possible after docketing. *See* 28 U.S.C.A. § 1915A(a) (West 2019). Because Gonzales is proceeding in-forma-pauperis, his complaint is also subject to screening under 28 U.S.C. § 1915(e)(2). Both § 1915(e)(2) and § 1915A provide for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. §§ 1915(e)(2)(B) and  1915A(b)(West 2019).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.     Texas Department of Public Safety-Eleventh Amendment Immunity**

As noted, within the amended complaint Gonzales names the Texas Department of Public Safety as a defendant. In the absence of consent, the Eleventh Amendment bars federal lawsuits against a state or an instrumentality of the state. S*ee Alabama v. Pugh*, 438 U.S. 781, 784 (1978); *see Okpalobi v. Foster*, 244 F.3d 405, 411 (5th Cir. 2001). Thus, the State of Texas would be immune from Gonzales's suit under the Eleventh Amendment. *Bitara v. Texas*, 197 Fed. Appx. 329, 2006 WL 2521237, at *1 (5th Cir. Aug. 31, 2006). Although 42

U.S.C. § 1983,[1] authorizes individual claims for violation of federal constitutional rights, § 1983 does not override the Eleventh Amendment. *Voisin's Oyster House*, 799 F.2d 183, 186 (5th Cir. 1986). Furthermore, a state agency is not considered a "person" acting under color of law for purposes of a civil rights action. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, the Texas Department of Public Safety is not amenable to suit. *Fortenberry v. Board of Pardons and Paroles*, No. 7:15-cv-167-O, 2018 WL 9739270, at *1 (N.D. Tex. Sep. 28, 2018) (citing *Phillips v. Texas Dep't of Pub. Safety*, 486 S.W. 3d 58, 60 (Tex. App. 2016)(affirming trial court decision that the Texas Department of Public Safety is entitled to sovereign immunity) and *Tex. Dep't of Pub. Safety v. Petta*, 44 S.W. 3d 575, 582 (Tex. 2001) (recognizing the Texas Department of Public Safety is not subject to suit under 42 U.S.C. § 1983)). Thus, Gonzales's claim against the Texas Department of Public Safety is barred by Eleventh Amendment immunity and must be dismissed.

**B.      Failure to State a Claim Upon Which Relief May Be Granted**

Plaintiff otherwise claims that the enforcement of the notice and reporting requirements of the Texas Sex Offender Registration Program upon him violates the Ex Post Facto Clause. Am. Complaint 4, ECF No. 10. The Texas Sex Offender Registration Program, codified at Tex. Code Crim. Proc. Art 62.101(a)(1) initially applied only to those persons convicted of a sex offense after 1991. *See Rodriguez v. State*, 93 S.W. 3d 60, 66 (Tex. Crim. App. 2002).

---

[1] "Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

4

In 1997, the Texas legislature expanded the class of persons required to register to those individuals who had a reportable conviction or adjudication occurring on or after September 1, 1970. *See* Act of June 1, 1997, 75th Leg., R.S., ch. 668 §§ 1, 11, 1997 Tex. Gen. Laws 2260-61, 2264 (formerly Tex. Code Crim. Proc. Ann. Art. 62.11).

The Fifth Circuit's precedent is clear that the Texas sex offender statute does not violate the Ex Post Facto Clause. *King v. McCraw*, 559 F. App' 278, 281 (5th Cir. 2014) ("[T]his Court has repeatedly affirmed a district court's dismissal as frivolous the claim that retroactive application of Texas law requiring sex offender registration and notification violates the Ex Post Facto Clause."); *Hayes v. Texas*, 370 F. App'x 508, 2010 WL 1141631 (5th Cir. March 18, 2010) ("Retroactive application of laws requiring sex-offender registration and notification do not violate the Ex Post Facto Clause."). Gonzales does not identify the underlying sex offense, but a review of his offender profile on the Texas Department of Criminal Justice web-site shows that Gonzales was convicted in 1999 in Tarrant County, Texas of sexual assault of a child under 17 in case number 0690658D. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05449635.[2] As Gonzales had a reportable conviction in the time period subject to the Act, it applies and he was required to follow the reporting requirements. Thus, the requirement that Gonzales

---

[2] Gonzales does not challenge this prior conviction in this civil case. This same TDCJ offender profile shows that Gonzales was also recently convicted on February 28, 2020 in Tarrant County, Texas (case number 1612586R) of failing to comply with sex offender registration requirements and sentenced to 10 years. Gonzales also does not challenge that conviction in this civil proceeding.

5

comply with the Texas Sex Offender Registration Program is not a violation of the Ex Post Facto Clause. *See generally Moore v. Davis*, No.7:17-cv-100-O-BP, 2018 WL 2164529, at *2 (N.D. Tex. Mar. 30, 2018) (holding that inmate convicted of indecency with a child in 1987 was subject to the Act's reporting requirements, and the requirement for him to comply "is not a violation of the Ex Post Facto Clause, and his claim to the contrary is not valid"), *R and R adopted*, 2018 WL 2151595 (N.D. Tex. May 10, 2018).

Therefore, Gonzales's claim against the remaining defendants on the basis that the enforcement of the Texas Sex Offender Registration Program against him is a violation of the Ex Post Fact Clause must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

It is therefore **ORDERED** that any claim by plaintiff Raul Gonzales against the Texas Department of Public Safety is **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). It is further **ORDERED** that all Gonzales's remaining claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **1st day** of **June, 2020**.

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE